**Walter A. HUBNER and Citizens' Commercial Trust and Savings Bank of Pasadena, Executors of The Estate of Gertrude R. Hurst, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 780-59.

United States District Court
S. D. California,
Central Division.

Nov. 20, 1959.

F. Daniel Frost, William G. Tucker, Arthur O. Armstrong, Jr., Gibson, Dunn & Crutcher, Los Angeles, Cal., for plaintiffs.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Chief, Tax Division, Lillian W. Stanley, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

HALL, Chief Judge.

1. Gertrude R. Hurst (decedent herein) and W. Randolph Hurst were, from and before May 23, 1927 to March 6, 1946, husband and wife.

2. During his life W. Randolph Hurst made inter vivos transfers as follows:

(A) (1) On May 23, 1927 the amount of $48,612.50 was transferred to the Sun Life Assurance Company of Canada under its Policy No. 1036177, a single premium policy with the face value of $50,-000.

(2) A true copy of Policy No. 1036177 is appended to the Complaint.

(3) At the maturity of said policy on May 23, 1929, Supplementary Contract No. 1135040 was entered into adopting the first alternative method of settlement at maturity, i. e., leaving the amount on deposit with the Company at interest. A true reconstructed copy of Supplementary Contract No. 1135040 is appended to the Complaint.

(4) On January 16, 1930 the settlement option under the Supplementary Contract was amended in the manner set forth in Exhibit "C" appended to the Complaint.

(5) On October 21, 1939, by an amendment appended to the Complaint as Exhibit "D" it was provided that the income from the deposit should be paid to W. Randolph Hurst for life and thereafter to Gertrude R. Hurst if she should survive him, with the remainder to two named individuals. This amendment expressly provided that W. Randolph Hurst retain the full right to revoke any terms and conditions of the above-mentioned contract and further provided that whoever might be the current income beneficiary at any time had the right to withdraw all or any portion of the deposit.

(B) On October 13, 1942, W. Randolph Hurst deposited with the Chicago Title and Trust Company certain properties under an agreement known as Trust No. 20428, a true copy of which is appended to the Complaint as Exhibit "E". The trust was revocable by W. Randolph Hurst during his life and upon his death the power to revoke was conferred by the trust agreement upon Gertrude R. Hurst.

3. On March 6, 1946 W. Randolph Hurst died.

4. (A) There were no withdrawals from the amount on deposit under the Supplementary Contract prior to the death of W. Randolph Hurst, nor were there any amendments other than those mentioned.

(B) There were no withdrawals from the corpus of Trust No. 20428, nor amendments thereto prior to the death of W. Randolph Hurst.

5. (A) On June 25, 1947 Gertrude R. Hurst released her right to withdraw the amount of deposit under the Supplementary Contract by an instrument, a true copy of which is appended to the Complaint as Exhibit "F".

(B) On June 25, 1947 Gertrude R. Hurst released her right to revoke Trust No. 20428 by an instrument, a true copy of which is appended to the Complaint as Exhibit "G".

6. Gertrude R. Hurst died testate on December 8, 1955, and plaintiffs are the duly appointed Executors of the Last Will and Testament of said decedent.

7. Federal estate taxes in the amount of $77,138.61 were paid by plaintiffs on October 26, 1956.

8. Plaintiffs on April 3, 1958 and October 28, 1958 were notified by the District Director of Internal Revenue of alleged deficiencies in the estate taxes due in the amount of $32,677.33.

9. On March 17, 1958 plaintiffs paid the sum of $13,516.79 as tax.

10. On April 29, 1958 plaintiffs paid the sum of $831 as interest on said tax.

11. On September 30, 1958 plaintiffs paid the sum of $19,160.54 as tax and $1,793.74 as interest on said tax.

12. The amount of $26.51 excess interest collected by defendant was later repaid to plaintiffs.

13. To the extent of $33,955.28 these payments arose from the inclusion in the gross taxable estate of decedent of the value of the assets in Trust No. 20428 and on deposit under the terms of the Supplementary Contract.

14. On November 28, 1958 plaintiffs filed with the District Director their claim for refund of the amounts paid by reason of the inclusion of the value of the above-mentioned properties.

15. Six months have elapsed since the filing of said claim and no notice of allowance or rejection has been given by the defendant.

### Conclusions of Law

#### I.

This court has jurisdiction of this cause.

#### II.

The powers conferred upon Gertrude R. Hurst by W. Randolph Hurst under the above-mentioned instruments were general powers of appointment within the meaning of Section 2041(b) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2041(b) (1) in that Gertrude R. Hurst was therein given powers of disposition over certain properties which

said powers were exercisable in her own favor.

### III.

The powers of appointment conferred upon Gertrude R. Hurst by W. Randolph Hurst under the above-mentioned instruments were created prior to October 21, 1942 within the meaning of Section 2041 (a) (1) of the Internal Revenue Code of 1954. Therefore no amounts were properly includible in the estate of Gertrude R. Hurst by virtue of said powers.

### IV.

The release of these powers by Gertrude R. Hurst was a complete release thereof within the meaning of Section 2041(a) (1) of the Internal Revenue Code of 1954 and cannot be deemed an exercise thereof. Therefore, no amounts were properly includible in the estate of Gertrude R. Hurst by virtue of the release of these powers.

Let judgment be entered accordingly.